## CASTLE et al. v. HICKMAN et al.

### No. 18,391; September 28, 1895.

#### 41 Pac. 1036.

**Pledge—Insurance Policy.—The Delivery by the Payee of a** note, to the maker thereof, of a life insurance policy held by him as security for the payment of the note, which delivery was conditioned on the return of a paid-up policy to be thereafter issued, does not devest such payee of his lien on the security.

**Trial—Findings.—Failure of the Court to Make a finding is** not reversible error, in the absence of a showing that there was evidence to justify a finding.

**Pleading—"Written Instrument."—A Copy of a Decree of Discharge** in insolvency is not a "written instrument," within Code of Civil Procedure, section 448, providing that "when the defense to an action is founded on a written instrument, and a copy thereof is contained in the answer, the genuineness and due execution are deemed admitted, unless the plaintiff file an affidavit denying the same."

APPEAL from Superior Court, San Joaquin County; Ansel Smith, Judge.

Action by George H. Castle, Jr., and others, as executors of the last will and testament of George H. Castle, deceased, against Edward Hickman and others. Judgment for plaintiffs. Defendants appeal. Affirmed.

J. G. Swinnerton and White & Dunlap for appellants; Nicol & Orr and F. T. Baldwin for respondents.

HARRISON, J.—The defendants, Edward Hickman and Hepsabeth Hickman, his wife, executed their promissory note to George H. Castle, February 23, 1889, for the sum of

$4,343, and on the 22d of April, 1890, for the purpose of securing the same, assigned to him a certain policy of insurance that had been issued by the Equitable Life Assurance Society, payable to Edward Hickman. In January, 1891, Edward Hickman was desirous that the policy should be surrendered for a paid-up policy, and thereupon he and Castle made an agreement to that effect, and that the paid-up policy, when issued, should be held by Castle in lieu of the other, and with like effect and purpose. The policy was thereupon delivered to Hickman, and the insurance company was directed by him to issue therefor a paid-up policy, and, when issued, to forward it to Castle's attorney. The company made the paid-up policy payable to the defendant Hepsabeth Hickman, and, in case of her death, to her children, and, instead of forwarding the policy to Castle's attorney, forwarded it to Hickman, who afterward delivered it to the attorney. The present action was brought by the executors of Castle to obtain judgment for the amount of the promissory note, and declaring that the claim of the defendants upon the paid-up policy is subordinate and subject to the claim of the plaintiffs therein. Judgment was rendered in favor of the plaintiffs, and the defendants have appealed.

It was shown at the trial that the defendant Hepsabeth signed the promissory note as an accommodation to her husband, subsequent to its execution by him, and that her assignment of the policy was without any consideration. She claimed in her answer that her husband had previously agreed that he would hold the policy as a security for the payment of certain money that he had borrowed from her, and that, when he exchanged it for the paid-up policy, the latter was made payable to her for the purpose of carrying out this agreement, and that its subsequent delivery by him to Castle was without her knowledge. At the trial, however, after the plaintiffs had produced the assignment of the original policy executed by her, she testified that she executed it at the request of her husband, who informed her that Castle wanted it as security for the note that had been made to him. There was no evidence that the policy had ever been assigned by her husband to her, and the only evidence in support of her claim to it as security for her husband's debt was her statement that he had made a verbal promise to give it to her; but there was no evidence that he had ever carried out his agree-

ment with her. She testified that, when she signed the assignment, she thought it was of another policy, but she also testified that she did not read the assignment, although it was placed in her hands. Nor did she testify that her husband had made any misrepresentation of the contents of the instrument when he asked her to sign it. Her testimony on this subject is as follows: "The paper my husband wanted me to sign was given to me. He did not tell me not to read it. He did not tell me about the contents of it. He said Mr. Castle wanted more security. I signed it because I was willing to give him more security. I was willing to aid my husband in giving Castle more security. I was desirous that Mr. Hickman should make such arrangements as might be satisfactory to Mr. Castle at the time. I signed this paper, of course, at his request." The court found that the assignment by her to Castle was not executed by mistake, or without any intention to assign it to him, and that it had not at any time prior thereto been assigned or pledged with her as security for any debt of her husband. The testimony before the court was ample to support these findings, and, upon the facts thus found, the court was authorized in holding that her claim to the policy is subordinate to that of the plaintiffs.

The agreement between Castle and Hickman that the paid-up policy should be held "in lieu of the other" gave Castle the same right to it as security for Hickman's note as if the paid-up policy had been originally delivered to him. The delivery to Hickman, for the purpose of procuring a paid-up policy to be issued in lieu thereof, did not devest the lien under which it was held by Castle: Palmtag v. Doutrick, 59 Cal. 154, 43 Am. Rep. 245; Civ. Code, sec. 2913. Whether the paid-up policy was issued in favor of Mrs. Hickman by the direction of Mrs. Hickman, or without any directions, is immaterial. Mrs. Hickman testified that it was done without her knowledge, and there was no evidence that any directions upon the subject had been given to the company. The fact, however, that it was so issued without the consent of Castle, is all that it was necessary for the plaintiffs to show.

The failure of the court to find upon certain issues does not constitute a reversible error. It does not appear that there was any evidence in support of the affirmative defense of Edward Hickman, and it has been frequently held that it is

not error for the court to omit to make a finding, unless it shall be made to appear that there was evidence which will justify such finding. The copy of the decree of discharge in insolvency, which is set forth in his answer, is not a "written instrument," within the meaning of section 448 of the Code of Civil Procedure.

We find no error in the record and the judgment is affirmed.

We concur: Van Fleet, J.; Garoutte, J.